```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:04-00188

**REGINALD C. JACKSON**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On March 14, 2012, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Reginald C. Jackson, appeared in person and by his counsel, Lex A. Coleman, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by Senior United States Probation Officer Douglas W. Smith, the defendant having commenced a thirty-two month term of supervised release in this action on October 12, 2011, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on September 20, 2011.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant used and possessed controlled substances as evidenced by his admission to the probation officer on January 25, 2012, that he had nasally ingested cocaine on December 22, 2011, smoked marijuana on January 14, 2012, and nasally ingested cocaine and orally ingested Klonopin without a valid prescription on January 21, 2012; (2) that the defendant failed to follow the instructions of the probation officer inasmuch as on January 25, 2012, the probation officer directed the defendant to refrain from any further contact with Catherine Pontier as a result of allegations of domestic abuse and the defendant thereafter contacted Ms. Pontier by telephone while in the waiting area of the probation office prior to the meeting and again a short time after the meeting; (3) that the defendant failed to report to the probation office as directed on January 12 and 24, 2012; (4) that the defendant failed to abide by the condition that he not associate with any person convicted of a felony without permission inasmuch as he associated with Ms. Pointier, who is a convicted felon actively on supervised

release in this district; and (5) that the defendant failed to report for random urine screens on December 19, 2011, and January 23, 2012; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a

period of EIGHT (8) MONTHS, to be followed by a term of twenty-four (24) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special conditions that he (1) spend a period of six months at Transitions, Inc., participate in the drug treatment program to the extent available, follow the rules and regulations of the facility and participate in follow-up treatment as directed by the probation officer, and (2) participate in an anger management program as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: March 23, 2012

John T. Copenhaver, Jr.
United States District Judge